FILED

2014 AUG 22 PM 2: 09

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

1　David A. Van Riper
2　(California Bar No. 128059)
　　dave@vanriperlaw.com
3　**Van Riper Law**
　　1254 Irvine Blvd., Ste. 200
4　Tustin, California 92780
　　Telephone: (714) 732-1800
5　Facsimile: (714) 731-1811

6　Chad M. Hagan(*pro hac vice* to be filed)
　　chad.hagan@hnbllc.com
7　**HAGAN NOLL & BOYLE LLC**
　　820 Gessner, Suite 940
8　Houston, Texas 77024
　　Telephone: (713) 343-0478
9　Facsimile: (713) 758-0146

10　Attorneys for Plaintiffs DISH Network
　　L.L.C., EchoStar Technologies L.L.C.,
11　and NagraStar LLC

12　　　　**UNITED STATES DISTRICT COURT**
13　　　　**CENTRAL DISTRICT OF CALIFORNIA**
　　　　　　　**SOUTHERN DIVISION**
14

15　DISH NETWORK L.L.C.,　　　Case No.　SACV14-01348 AG (ANx)
16　ECHOSTAR TECHNOLOGIES
　　L.L.C., and NAGRASTAR LLC,　**PLAINTIFFS' COMPLAINT FOR:**
17
　　　　　　Plaintiffs,　　　　**1) Violation of the Digital Millennium**
18　　　　　　　　　　　　　　**Copyright Act, 17 U.S.C. § 1201(a)(2);**
19　　　　v.　　　　　　　　　**2) Violation of the Federal Communications**
20　NAM NGUYEN, KENNETH　　**Act, 47 U.S.C. § 605(e)(4);**
　　NGUYEN, TU HA, and DOES
21　1-5,　　　　　　　　　　**3) Violation of the Digital Millennium**
　　　　　　　　　　　　　　**Copyright Act, 17 U.S.C. § 1201(a)(1);**
22　　　　　　Defendants.
　　　　　　　　　　　　　　**4) Violation of the Federal Communications**
23　　　　　　　　　　　　　**Act, 47 U.S.C. § 605(a);**
24
　　　　　　　　　　　　　　**5) Violation of the Electronic**
25　　　　　　　　　　　　　**Communications Privacy Act, 18 U.S.C. §§**
　　　　　　　　　　　　　　**2511(1)(a) and 2520**
26

27　　　　Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C., and

28　NagraStar LLC (collectively, "DISH Network") bring this suit against Defendants

　　　　　　　　　　　　　　　　1　　　　　　　　　Plaintiffs' Complaint

Nam Nguyen, Kenneth Nguyen, Tu Ha, and Does 1-5 because they are trafficking in products that are designed for and have limited use other than circumventing the DISH Network security technology and intercepting DISH Network's satellite broadcasts of copyrighted television programming.

## JURISDICTION AND VENUE

1.     This action alleges violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq.*, the Federal Communications Act, 47 U.S.C. § 605 *et seq.*, and the Electronic Communications Privacy Act, 18 U.S.C. § 2511 *et seq.* Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338.

2.     Defendants reside in and regularly conduct business in the State of California, and are therefore subject to this Court's personal jurisdiction.

3.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district, § 1392(b)(2) because a substantial part of the events giving rise to DISH Network's claims occurred in this judical district, and § 1391(b)(3) because Defendants are subject to personal jurisdiction in this judicial district.  Venue is also appropriate in this Court under 28 U.S.C. § 1400(a) because this case asserts claims relating to the protection of copyrighted works.

## PARTIES

4.     Plaintiff DISH Network L.L.C. is a Colorado limited liability company with its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

5.     Plaintiff EchoStar Technologies L.L.C. is a Texas limited liability company with its principal place of business located at 90 Inverness Circle East, Englewood, Colorado 80112.

6.     Plaintiff NagraStar LLC is a Colorado limited liability company with

2

Plaintiffs' Complaint

1   its principal place of business located at 90 Inverness Circle East, Englewood,

2   Colorado 80112.

3        7.    Defendants Nam Nguyen, Kenneth Nguyen, and Tu Ha (collectively,

4   "Defendants") are believed to be family members that are residing in Santa Ana,

5   California.

6        8.    Defendant Does 1-5, whether individual, corporate, associate, or

7   otherwise, are currently unknown to Plaintiffs at this time. Plaintiffs believe that

8   information obtained in discovery will lead to the identification of each

9   Defendant's true name.

10

11   **DISH NETWORK SATELLITE TELEVISION PROGRAMMING**

12        9.    DISH Network L.L.C. is a multi-channel video provider that delivers

13   video, audio, and data services to approximately 14 million customers throughout

14   the United States, Puerto Rico, and the U.S. Virgin Islands via a direct broadcast

15   satellite system.

16        10.    DISH Network uses high-powered satellites to broadcast, among other

17   things, movies, sports, and general entertainment services to consumers who have

18   been authorized to receive such services after payment of a subscription fee, or in

19   the case of a pay-per-view movie or event, the purchase price.

20        11.    DISH Network contracts for and purchases the distribution rights for

21   most of the programming broadcast on the DISH Network platform from providers

22   such as network affiliates, motion picture distributors, pay and specialty

23   broadcasters, cable networks, sports leagues, and other holders of programming

24   rights.

25        12.    The works broadcast by DISH Network are copyrighted. DISH

26   Network has the authority of the copyright holders to protect the works from

27   unauthorized reception and viewing.

28        13.    DISH Network programming is digitized, compressed, and scrambled

Plaintiffs' Complaint

1   prior to being transmitted to multiple satellites located in geo-synchronous orbit

2   above Earth.   The satellites, which have relatively fixed footprints covering the

3   United States and parts of Canada, Mexico, and the Caribbean, relay the encrypted

4   signal back to Earth where it can be received by DISH Network subscribers that

5   have the necessary equipment.

6       14.    A DISH Network satellite television system consists of a compatible

7   dish antenna, receiver, smart card which in some instances is internalized in the

8   receiver, television, and cabling to connect the components.    EchoStar

9   Technologies L.L.C. provides receivers, dish antenna, and other digital equipment

10  for the DISH Network system.    Smart cards and other proprietary security

11  technologies that form a conditional access system are supplied by NagraStar LLC.

12      15.    Each EchoStar Technologies receiver and NagraStar smart card is

13  assigned a unique serial number that is used by DISH Network when activating the

14  equipment and to ensure the equipment only decrypts programming the customer is

15  authorized to receive as part of his subscription package and pay-per-view

16  purchases.

17      16.    The NagraStar conditional access system performs two interrelated

18  functions in the ordinary course of its operation:    first, subscriber rights

19  management, which allows DISH Network to "turn on" and "turn off"

20  programming a customer has ordered, cancelled, or changed; and second,

21  protection of the NagraStar control words that descramble DISH Network's

22  satellite signal, which in turn prevents unauthorized decryption of DISH Network

23  programming.

24      17.    An integral part of NagraStar's conditional access system is a smart

25  card having a secure embedded microprocessor.   The EchoStar Technologies

26  receiver processes an incoming DISH Network satellite signal by locating an

27  encrypted part of the transmission known as the NagraStar entitlement control

28  message and forwards it to the smart card.   Provided the subscriber is tuned to a

Plaintiffs' Complaint

channel he is authorized to watch, the smart card uses its decryption keys to unlock the message, uncovering a NagraStar control word.  The control word is then transmitted back to the receiver to decrypt the DISH Network satellite signal.

18.    Together, the EchoStar Technologies receiver and NagraStar smart card convert DISH Network's encrypted satellite signal into viewable programming that can be displayed on the attached television of an authorized DISH Network subscriber.

## PIRACY OF DISH NETWORK PROGRAMMING

19.    Various devices have appeared on the black market over the years for the purpose of illegally decrypting or "pirating" DISH Network programming. The black market in piracy devices represents a multimillion-dollar industry in the United States.

20.    Several years ago pirates developed a method to circumvent the DISH Network security system and intercept DISH Network's satellite broadcasts using so-called "free-to-air" or "FTA" receivers ("unauthorized receivers").  Initially, this form of piracy was accomplished by loading software that contains the proprietary data and keys to DISH Network's security system ("piracy software") onto circuit chips in the unauthorized receiver, so as to mimic a legitimate NagraStar smart card.

21.    The downside of the foregoing method of signal theft is that piracy software must be regularly updated to account for and overcome changes in DISH Network's security system, such as electronic countermeasures transmitted in the satellite stream.  The countermeasures have many effects, one being to change the decryption keys required to access NagraStar's control words.  As a result, a new form of satellite piracy emerged and goes by several names including "control word sharing," "Internet key sharing," or more simply "IKS."

1    22.    With IKS, once piracy software is loaded to an unauthorized receiver,
2    the end user connects the receiver to the Internet via a built-in Ethernet port or an
3    add-on dongle.  The Internet connection has two important piracy-related purposes:
4    first, it automatically updates piracy software located on the receiver; and second,
5    the Internet connection contacts a computer server that provides the necessary
6    NagraStar control words.

7    23.    The computer server, called an "IKS server," has multiple, subscribed
8    NagraStar smart cards connected to it, and thus the ability to provide the control
9    words.  Access to an IKS server typically requires a valid passcode.  Once access
10   has been obtained, control words are sent from the IKS server over the Internet to
11   an unauthorized receiver, where they are used to decrypt DISH Network's signal
12   and view programming without paying a subscription fee.

13   24.    Because IKS is based on the unauthorized distribution of control
14   words obtained from genuine, subscribed DISH Network receiving equipment, this
15   method of piracy remains effective even after DISH Network's transition to
16   "Nagra 3," the latest generation security technology introduced by NagraStar.

17
18   **DEFENDANTS' WRONGFUL CONDUCT**

19   25.    Defendants advertise and sell products on *www.ebay.com* ("eBay")
20   that enable end-users to circumvent DISH Network's security system and receive
21   DISH Network programming without authorization.

22   26.    On July 21, 2014, DISH Network directed the purchase of a MegaTVi
23   SHD3000 receiver and 8PSK Turbo module from the eBay seller "nngu4249" for
24   $179.00  Payment was made by PayPal to the account of Defendant Tu Ha.  The
25   products were delivered on July 25, 2014.  The return address corresponds with the
26   residence of Defendant Nam Nguyen, which is believed to be shared with Tu Ha.

27   27.    The MegaTVi SHD3000 receiver and 8PSK Turbo module purchased
28   by DISH Network is capable of circumventing the DISH Network security system

Plaintiffs' Complaint

and intercepting DISH Network's satellite television programming.   The 8PSK Turbo module is specially designed to enable the receiver to steal DISH Network's high-definition programming, which is broadcast using a unique combination of 8PSK modulation and Turbo forward error correction.   The 8PSK Turbo module and MegaTVi SHD3000 receiver have no legitimate commercial application.

28.   On August 4, 2014, NagraStar investigators met with Defendant Nam Nguyen at his residence in Santa Ana, California.   During the visit, Nam Nguyen retrieved a MegaTVi SHD3000 receiver from a back bedroom.   The outside cover of the receiver was removed, showing that an 8PSK Turbo module was installed. Nam Nguyen then demonstrated the MegaTVi SHD3000 receiver and 8PSK Turbo module by using the products to receive DISH Network programming without having an authorized subscription.

29.   Defendant Nam Nguyen claimed that he was responsible for installing the 8PSK Turbo modules into the MegaTVi SHD3000 receivers, and shipping the products that are sold through the "nngu4249" eBay account.   According to Nam Nguyen, his father-in-law, Defendant Tu Ha, oversees the entire operation and is in charge of the sale of products through the eBay account.

30.   On August 4, 2014, NagraStar investigators also met with Defendant Kenneth Nguyen.   Kenneth Nguyen is believed to be the brother of Nam Nguyen. Upon information and belief, Kenneth Nguyen, in conjunction the co-defendants, is responsible for distributing the MegaTVi SHD3000 receivers and 8PSK Turbo modules.   Kenneth Nguyen is also believed to have owned one or more eBay and PayPal accounts used in the distribution of these and other infringing products.

## CLAIMS FOR RELIEF

## COUNT I

### Trafficking in Circumvention Devices In Violation Of The Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(2)

31.   DISH Network realleges the allegations in paragraphs 1-30.

32.   Defendant were and are engaged in the business of importing, offering to the public, providing, and trafficking in unauthorized receivers, modules, and other products in violation of 17 U.S.C. § 1201(a)(2).

33.   The unauthorized receivers and modules are primarily designed and produced for the purpose of circumventing DISH Network's security system; have no commercially significant purpose or use other than circumventing DISH Network's security system; and are marketed by Defendant and others known to be acting in concert for use in circumventing DISH Network's security system.

34.   The DISH Network security system is a technological measure that effectively controls access to, copying, and the distribution of copyrighted works. Defendants' actions that constitute violations of 17 U.S.C. § 1201(a)(2) were and are performed without the permission, authorization, or consent of DISH Network or any owner of the copyrighted programming broadcast on the DISH Network platform.

35.   Defendants violated 17 U.S.C. § 1201(a)(2) willfully and for purposes of commercial advantage and private financial gain.

36.   Defendants knew or should have known their actions were and are illegal and prohibited.  Such violations have and will continue to cause damage to DISH Network in an amount to be proven at trial.  Unless restrained and enjoined by the Court, Defendants will continue to violate 17 U.S.C. § 1201(a)(2).

## COUNT II

### Distributing Signal Theft Devices in Violation of the Federal Communications Act, 47 U.S.C. § 605(e)(4)

37.   DISH Network realleges the allegations in paragraphs 1-30.

38.   Defendant were and are engaged in the business of importing, selling, or otherwise distributing unauthorized receivers, modules, and other products in

1  violation of 47 U.S.C. § 605(e)(4).

2     39.   Defendants' unauthorized receivers and modules are primarily of

3  assistance in the unauthorized decryption of DISH Network's satellite transmission

4  of television programming.

5     40.   Defendants violated 47 U.S.C. § 605(e)(4) willfully and for purposes

6  of commercial advantage and private financial gain.

7     41.   Defendants intended for their unauthorized receivers and modules to

8  be used in the unauthorized decryption of DISH Network's satellite transmissions

9  of television programming, or knew or should have known the products were and

10 are primarily used for this purpose, and therefore are illegal and prohibited.  Such

11 violations have and will continue to cause damage to DISH Network in an amount

12 to be proven at trial.  Unless restrained and enjoined by the Court, Defendants will

13 continue to violate 47 U.S.C. § 605(e)(4).

14

15                      **<u>COUNT III</u>**

16  **Circumventing an Access Control Measure in Violation of the Digital**

17  **Millennium Copyright Act, 17 U.S.C. § 1201(a)(1)**

18     42.   DISH Network realleges the allegations in paragraphs 1-30.

19     43.   Defendants were and are circumventing, or are responsible for others

20 having circumvented, the DISH Network security system in violation of 17 U.S.C.

21 § 1201(a)(1).

22     44.   Upon information and belief, Defendants test unauthorized receivers

23 and modules prior to distribution by using the products to circumvent the DISH

24 Network security system.  Defendants' distribution of the products assists others in

25 circumventing the DISH Network security system.

26     45.   The DISH Network security system is a technological measure that

27 effectively controls access to, copying, and the distribution of copyrighted works.

28 Defendants' actions that constitute violations of 17 U.S.C. § 1201(a)(2) were and

are performed without the permission, authorization, or consent of DISH Network or any owner of the copyrighted programming broadcast on the DISH Network platform.

46.    Defendants violated 17 U.S.C. § 1201(a)(1) wilfully and for purposes of commercial advantage and private financial gain.

47.    Defendants knew or should have known their actions were and are illegal and prohibited.  Such violations have and will continue to cause damage to DISH Network in an amount to be proven at trial.  Unless restrained and enjoined by the Court, Defendants will continue to violate 17 U.S.C. § 1201(a)(1).

## COUNT IV

### Receiving and Assisting in Receiving Satellite Signals Without Authorization in Violation of the Federal Communications Act, 47 U.S.C. § 605(a)

48.    DISH Network realleges the allegations in paragraphs 1-30.

49.    Defendants were and are receiving, or have assisted others to receive, DISH Network's satellite transmissions of television programming for their benefit and without authorization in violation of 47 U.S.C. § 605(a).

50.    Upon information and belief, Defendants test unauthorized receivers and modules prior to distribution by using the products to receive DISH Network's satellite transmissions of television programming without authorization. Defendants' distribution of the products assists others to receive DISH Network's satellite transmissions of television programming without authorization.

51.    Defendants violated 47 U.S.C. § 605(a) wilfully and for purposes of commercial advantage and private financial gain.

52.    Defendants knew or should have known their actions were and are illegal and prohibited.   Such violations have and will continue to cause damage to DISH Network in an amount to be proven at trial.  Unless restrained and enjoined by the Court, Defendants will continue to violate 47 U.S.C. § 605(a).

## COUNT IV

**Intercepting and Procuring Others to Intercept Satellite Signals in Violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511(1)(a), 2520**

53.     DISH Network realleges the allegations in paragraphs 1-30.

54.     Defendants were and are intercepting and procuring others to intercept DISH Network's satellite transmission of television programming in violation of 18 U.S.C. §§ 2511(1)(a) and 2520.

55.     Upon information and belief, Defendants test unauthorized receivers and modules prior to distribution by using the devices to intercept DISH Network's satellite transmission of television programming.  Defendants' distribution of these products causes others to intercept DISH Network programming.

56.     Defendants violated 18 U.S.C. §§ 2511(1)(a) and 2520 for tortious and illegal purposes, and for commercial advantage and private financial gain.

57.     Defendants' interception and procurement of others to intercept was intentional, and therefore is illegal and prohibited.  Such violations have and will continue to cause damage to DISH Network in an amount to be proven at trial. Unless restrained and enjoined by the Court, Defendants will continue to violate 18 U.S.C. §§ 2511(1)(a) and 2520.

## PRAYER FOR RELIEF

WHEREFORE, DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC seek judgment against Defendants as follows:

A.     For a grant of permanent injunctive relief restraining and enjoining Defendants, and any of their officers, agents, servants, employees, attorneys, or other persons acting in active concert or participation with any of the foregoing that receives actual notice of the injunction, from:

///

Plaintiffs' Complaint

1   (1)   manufacturing, importing, offering to the public, providing, or
2   otherwise trafficking in the MegaTVi SHD3000 receiver, 8PSK Turbo module, or
3   any other technology, component, or part thereof that:

4   (a)   is primarily designed or produced for circumventing the
5   DISH Network security system or any other technological measure adopted by
6   DISH Network that controls access to, copying, or distribution of copyrighted
7   works on the DISH Network platform;

8   (b)   has only a limited commercially significant purpose or
9   use other than to circumvent the DISH Network security system or any other
10  technological measure adopted by DISH Network that controls access to, copying,
11  or distribution of copyrighted works on the DISH Network platform; or

12  (c)   is marketed for use in circumventing DISH Network's
13  security system or any other technological measure adopted by DISH Network that
14  controls access to, copying, or distribution of copyrighted works on the DISH
15  Network platform;

16  (2)   manufacturing, assembling, modifying, importing, exporting,
17  selling, or otherwise distributing the MegaTVi SHD3000 receiver, 8PSK Turbo
18  module, or any other product knowing or having reason to know such product is
19  primarily of assistance in the unauthorized decryption of direct-to-home satellite
20  services;

21  (3)   circumventing DISH Network's security system, or assisting
22  others to circumvent DISH Network's security system;

23  (4)   intercepting or otherwise receiving DISH Network's satellite
24  transmissions of television programming without authorization, or assisting or
25  procuring others to intercept or receive DISH Network's satellite transmissions of
26  television programming without authorization;

27  B.   For an order impounding, and authorizing DISH Network to take
28  possession of and destroy, all MegaTVi SHD3000 receivers, 8PSK Turbo modules,

and any other technologies, components, or parts thereof in the custody or control of Defendants that the Court has reasonable cause to believe were involved in a violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201, or the Federal Communications Act, 47 U.S.C. § 605;

C.     For an order directing Defendants to preserve and turn over to DISH Network all records, in any form including electronic form, that evidence, refer, or relate to MegaTVi SHD3000 receivers, 8PSK Turbo modules, or any other product that is used in satellite television piracy, including the manufacturers, exporters, importers, dealers, or purchasers of such products, or persons involved in operating an IKS server or receiving control words from same;

D.     Award DISH Network the greater of its actual damages together with any profits made by Defendants that are attributable to the violations alleged herein, or statutory damages in the amount of up to $2,500 for each violation of 17 U.S.C. §§ 1201(a)(1) and (a)(2), under 17 U.S.C. §§ 1203(c)(2) and (c)(3)(A);

E.     Award DISH Network the greater of its actual damages together with any profits made by Defendants that are attributable to the violations alleged herein, or statutory damages in the amount of up to $100,000 for each violation of 47 U.S.C. § 605(e)(4), under 47 U.S.C. § 605(e)(3)(C)(i);

F.     Award DISH Nework the greater of its actual damages together with any profits made by Defendants that are attributable to the violations alleged herein, or statutory damages in the amount of up to $10,000 for each violation of 47 U.S.C. § 605(a), pursuant to 47 U.S.C. § 605(e)(3)(C)(i).  DISH Network seeks to increase that amount to $110,000 for each violation, at the Court's discretion, in accordance with 47 U.S.C. § 605(e)(3)(C)(ii);

G.     Award DISH Network the greater of its actual damages together with any profits made by Defendants that are attributable to the violations alleged herein, or statutory damages in the amount of $100 per day for each violation of 18 U.S.C. § 2511(1)(a) or $10,000, under 18 U.S.C. § 2520(c)(2);

1
2

H.     Award DISH Network punitive damages under 18 U.S.C. § 2520(b)(2);

3
4
5

I.      Award DISH Network its costs, attorney's fees, and investigative expenses under 17 U.S.C. § 1203(b)(4)-(5), 47 U.S.C. § 605(e)(3)(B)(iii), and 18 U.S.C. § 2520(b)(3);

6
7

J.      For pre and post-judgment interest on all damages, from the earliest date permitted by law at the maximum rate permitted by law; and

8

K.     For such additional relief as the Court deems just and equitable.

9
10
11

DATED: August 21, 2014

12
13
14

By: _____

David A. Van Riper (California Bar No.128059)
dave@vanriperlaw.com

15
16
17

**Van Riper Law**
1254 Irvine Blvd., Ste. 200
Tustin, California 92780
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

18
19
20
21

Chad M. Hagan(*pro hac vice* to be filed)
chad.hagan@hnbllc.com
**HAGAN NOLL & BOYLE LLC**
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

22
23

Attorneys for Plaintiffs DISH Network L.L.C.,
EchoStar Technologies L.L.C., and
NagraStar LLC

24
25
26
27
28

14