JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., ECHOSTAR TECHNOLOGIES L.L.C., and NAGRASTAR LLC,<br><br>Plaintiffs,<br><br>v.<br><br>NAM NGUYEN, KENNETH NGUYEN, TU HA, and DOES 1-5,<br><br>Defendants. | Case No. 8:14-cv-01348-AG-AN<br><br>**AGREED FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Having considered the parties' Joint Motion for Entry of Agreed Final Judgment and Permanent Injunction, and good cause appearing, the Court **GRANTS** the motion and ORDERS as follows:

(1)   Judgment is entered for Plaintiffs on Count I alleging violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(2), Count II alleging violations of the Federal Communications Act, 47 U.S.C. § 605(e)(4), Count III alleging violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1), Count IV alleging violations of the Federal Communications Act, 47 U.S.C. § 605(a), and Count V alleging violations of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2511(1)(a), 2520 in the combined amount of $1,200,000.

(2) Defendants and any persons acting in active concert or participation with Defendants, are permanently enjoined from:

    A. offering to the public, providing, or otherwise trafficking in IKS services, subscriptions, passcodes, satellite television receivers, set-top-boxes, IPTV boxes, dongles, 8PSK boards, software, and other technologies of use in circumventing DISH Network's security system or intercepting DISH Network's satellite signal;

    B. circumventing or assisting others in circumventing DISH Network's security system, or otherwise intercepting or assisting others in intercepting DISH Network's satellite signal;

    C. testing, analyzing, reverse engineering, manipulating, or otherwise extracting codes, data, or information from DISH Network's satellite receivers, smart cards, satellite data stream, or any other part or component of the DISH Network security system; and

    D. creating DISH Network subscriber accounts for improper purposes or installing and maintaining Plaintiffs' receiving equipment at locations or facilities not authorized by Plaintiffs.

(4) This permanent injunction takes effect immediately.

(5) Each party is to bear its own attorney's fees and costs.

(6) The Court retains jurisdiction over this action for the purpose of enforcing this final judgment and permanent injunction.

**PURSUANT TO AGREED MOTION, IT IS SO ORDERED.**

Dated: <u>December 18, 2014</u>

                                            Hon. Andrew J. Guilford
                                            United States District Judge